# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>        Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS<br><br>        Respondent. | 1:11-cv-00258-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO UNITED STATES DISTRICT JUDGE |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2011, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

    Petitioner alleges that he is in custody of the California Department of Corrections and Rehabilitation , serving a sentence of life without the possibility of parole as a result of a 2006 conviction. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner alleges that Respondent has unlawfully confiscated Petitioner's personal property during a period when Petitioner had been transferred to another prison to be temporarily placed in the Custody of Sacramento County in order to address a separate legal action. (Doc. 1, pp. 16-17). Petitioner contends that, upon his return to his original place of incarceration, his personal property was missing and has not been returned. (Id.).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that Respondent has unlawfully confiscated his personal property. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.[1]  Therefore, Petitioner is not entitled to habeas corpus relief,

---

[1] Several other factors confirm the Court's view that this is a civil rights claim, not a habeas corpus claim. First, throughout the petition and on the cover page, Petitioner refers to his claim as a civil rights claim. Second, Petitioner has an extensive civil rights litigation history in this Court, based on the very claim raised in the instant petition. Without detailing Petitioner's entire history in this Court, suffice it to say that, as to this particular claim of lost property, Petitioner has filed at least three previous civil rights claims. Case nos. 2:07-cv-2149-LKK-DAD and 2:08-cv-2526-GGH, the claims were dismissed for failure to state a claim. Case no. 2:09-cv-1969-GEB-KJN had a similar result. However, the Magistrate Judge's Findings and Recommendations to dismiss the complaint in that case contains an exhaustive listing of Petitioner's *seventeen* prior filings in this Court. Additionally, the Court in that case issued an Order to Show Cause requiring Respondent to explain where Petitioner's personal property had gone. (Doc. 19). In its response, the Attorney General explained the circumstances under which Petitioner's property had inadvertently been disposed of pursuant to the policies of the Department of Corrections and Rehabilitation. (Doc. 20). At that point, the Court denied Petitioner's request for injunctive relief for return of his property. (Docs. 22 & 28). In the order adopting the Magistrate Judge's Findings and Recommendations, the District Judge applied the "three strikes" rule of the Prison Litigation Reform Act to bar Petitioner from further in forma pauperis civil rights filings. (Doc. 28). Petitioner's appeal from that order became final on January 4, 2011. It seems more than mere coincidence that, just over one month after the case became final barring Petitioner from further in forma pauperis

1 and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must
2 do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

For the foregoing reasons, the Clerk of the Court is HEREBY DIRECTED to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 17, 2011                                    /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE

---

filings in civil rights cases that Petitioner has recast this same case, which raises a claim identical to the claim raised in Petitioner's earlier civil rights cases, as a habeas corpus claim.